**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 03-4920**

───────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DONALD RAY WHITE,

Defendant - Appellant.

───────────

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. William L. Osteen, District Judge. (CR-03-117)

───────────

Submitted: October 31, 2005          Decided: February 1, 2007

───────────

Before WILKINSON, NIEMEYER, and KING, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Walter H. Paramore, III, LAW OFFICES OF WALTER H. PARAMORE, III P.C., Jacksonville, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Angela H. Miller, Assistant United States Attorney, Greensboro, North Carolina, Robert Albert Jamison Lang, OFFICE OF THE UNITED STATES ATTORNEY, Winston-Salem, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Donald Ray White challenges his conviction and the 228-month sentence imposed under the Sentencing Guidelines after he pleaded guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).[*] White's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising as a potential issue the constitutionality of White's Armed Career Criminal Act ("ACCA") sentencing enhancement, as well as a supplemental brief challenging the propriety of his sentence under United States v. Booker, 543 U.S. 220 (2005). White has also filed a pro se supplemental brief making various other contentions.

First, White's counsel questions whether the district court's imposition of the ACCA enhancement, under 18 U.S.C. § 924(e) and USSG § 4B1.4 (2002), contravened White's Sixth Amendment rights. The Sixth Amendment, however, does not always "demand that the mere fact of a prior conviction used as a basis for a sentencing enhancement be pleaded in an indictment and submitted to a jury for proof beyond a reasonable doubt." United States v. Cheek, 415 F.3d 349, 352 (4th Cir. 2005). Rather, a Sixth Amendment violation occurs where, for example, a sentencing

---

[*]White entered his guilty plea in the Middle District of North Carolina on June 9, 2003; his sentencing hearing was conducted on November 24, 2003; and the district court entered its judgment on December 10, 2003.

- 2 -

court resolves a <u>disputed</u> fact about a prior conviction by looking outside the judicial record of that conviction. <u>See</u> <u>United States v. Washington</u>, 404 F.3d 834, 843 (4th Cir. 2005). Significantly, White acknowledged at sentencing that he had at least four prior convictions qualifying him for the ACCA enhancement. Accordingly, the district court was not called upon to resolve any disputed issues of fact regarding those convictions, and no Sixth Amendment error occurred. <u>See</u> <u>United States v. Collins</u>, 412 F.3d 515, 523 (4th Cir. 2005) (holding that sentencing court did not commit constitutional error in applying career offender enhancement where defendant did not dispute qualifying prior convictions).

Counsel also challenges the propriety of White's sentence on the ground that the district court committed statutory <u>Booker</u> error in sentencing White under the then-mandatory Guidelines regime. Because White did not raise this issue in the district court, our review is for plain error. <u>See</u> <u>United States v. White</u>, 405 F.3d 208, 215 (4th Cir. 2005). In <u>White</u>, we recognized that imposing a sentence under the Guidelines as mandatory constitutes error that was plain. <u>Id.</u> at 216-17. We further determined, however, that a defendant cannot satisfy his burden of demonstrating actual prejudice without showing "that the error of sentencing him under a mandatory guidelines regime 'affected the outcome of the district court proceedings.'" <u>Id.</u> at 223 (quoting <u>United States v. Olano</u>, 507 U.S. 725, 734 (1993)). Here, there is no non-speculative

- 3 -

basis for concluding that the treatment of the Guidelines as mandatory affected the selection of the sentence imposed on White. The district court did not make any statements indicating that it wished to impose a sentence below the Guidelines range. In fact, it imposed a sentence at the high-end of the Guidelines range and specifically noted that White had an extensive criminal history and "recidivism is certainly a great potential in this case." White therefore is not entitled to resentencing on the ground that the court committed statutory <u>Booker</u> error.

Finally, White filed a pro se supplemental brief raising several issues. After examining the entire record, we conclude that his issues of improper calculation of criminal history score, improper enhancement for possession of a firearm in connection with another felony, breach of plea agreement, and insufficient evidence of possession of a firearm are without merit. He also raises several issues of ineffective assistance of counsel related to failure to inform him he could object to the presentence report, failure to provide him with a transcript of the sentencing hearing, and failure to investigate and properly challenge defense witnesses on cross-examination. Claims of ineffective assistance of counsel are not cognizable on direct appeal unless the record conclusively establishes ineffective assistance. <u>See</u> <u>United States v. Richardson</u>, 195 F.3d 192, 198 (4th Cir. 1999). To allow for adequate development of the record, claims of ineffective assistance

generally should be brought in a 28 U.S.C. § 2255 motion. <u>United States v. King</u>, 119 F.3d 290, 295 (4th Cir. 1997). We have examined the record and find no conclusive evidence of ineffective assistance. Thus, we will not consider this issue on direct appeal.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm White's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>